UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL RAVON REESE
(#669959),

        Plaintiff,

v.

CHARLES THOMPSON,

        Defendant.
_____/

Case No. 2:22-cv-12369
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**ORDER (1) DIRECTING THE CLERK OF THE COURT TO CHANGE PLAINTIFF'S ADDRESS OF RECORD TO DRF, (2) REQUIRING DEFENDANT TO SERVE A COPY OF HIS PENDING MOTION UPON PLAINTIFF AT DRF, (3) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME (ECF No. 50), and (4) SETTING DEADLINES**

**A.    Plaintiff's Address of Record**

Terrell Ravon Reese ("Plaintiff") filed this matter *in pro per* in October 2022, while he was located at the Michigan Department of Corrections (MDOC) Earnest C. Brooks Correctional Facility (LRF), against a single Defendant – Macomb Correctional Facility (MRF) Corrections Officer Charles Thompson. (ECF Nos. 1, 37, 45.) Since the initiation of this lawsuit, Plaintiff has changed his address of record to the MDOC's Bellamy Creek Correctional Facility (IBC). (*See*, *e.g.*, ECF Nos. 9, 10, 48.)

IBC remains Plaintiff's address of record, even though he is currently located at the MDOC's Carson City Correctional Facility (DRF).  *See* www.michigan.gov/corrections, "Offender Search," last visited May 8, 2024.  During the May 8, 2024 video status conference, Plaintiff confirmed his location as DRF and even informed the Court that he had mailed a change of address on May 1, 2024.  Accordingly, the Court **DIRECTS** the Clerk of the Court to change Plaintiff's address of record to DRF.

**B.    Defendant's Pending Motion & Plaintiff's Motion for Enlargement of Time**

This case has been referred to me for pretrial proceedings.  (ECF No. 18.)  Currently pending before the Court is Defendant Thompson's March 25, 2024 motion for summary judgment (ECF No. 46), as to which Plaintiff's response ordinarily would have been due on Monday, April 15, 2024.  *See* E.D. Mich. LR 7.1(e)(2) (21 days).  On April 18, 2024, Plaintiff filed a motion for an enlargement of time.  (ECF No. 50.)

Upon consideration, and consistent with the discussion at the video status conference:  **(1)** Defendant **SHALL** serve a copy of his motion (ECF No. 46) upon Plaintiff at DRF; and, **(2)** Plaintiff's motion (ECF No. 50) is **GRANTED**, and he shall have up to and including **Monday, July 12, 2024** by which to file a response to Defendant's pending motion (ECF No. 46).

C.	**Setting Deadlines**

During the May 8, 2024 video status conference, which Plaintiff and defense counsel (Attorney Joshua C. Castmore) attended remotely, the Court set the following, additional case management dates:

| **YOU MAY RECEIVE NO FURTHER NOTICE OF THESE DATES** ||
|---|---|
| **EVENT/ITEM** | **DEADLINE** |
| Expert Reports | **In accordance with Fed. R. Civ. P. 26(a)(2)** |
| Witness Lists | **June 24, 2024** |
| Fact Discovery | **August 8, 2024** |
| Plaintiff's Dispositive Motion(s) (Defendant having confirmed that its pending motion for summary judgment will suffice) | **August 30, 2024** |
| Final Pretrial Conference | **To be determined** |
| Trial | **To be determined** |

The parties are also advised of the following:

I.	All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

II.	Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

III.	DISCOVERY.  Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses

under the Federal Rules of Civil Procedure prior to the close of discovery.  Parties may agree to extend the deadlines by submitting a joint motion with a proposed order to the Court for consideration.  The extension should not affect the other scheduled dates.

IV. DISPOSITIVE MOTIONS.  No party may file more than one motion for summary judgment without obtaining leave of court.

In motions filed under Rule 56, the moving party shall serve and file: 1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1.  The motion must begin with a "Statement of Material Facts" consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment.  Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.[1]

The full text of any source cited should be filed with the Court in a Fact Appendix.  The Fact Appendix shall contain an index, followed by the tabbed exhibits.  Chambers' copies of Fact Appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended.  All pages from the same deposition or document should be at the same tab.  The Statement of Material Facts counts against the page limit for the brief.  No separate narrative facts section shall be permitted.

Likewise, a party opposing a Rule 56 Motion shall serve and file:  1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1.  The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which

---

[1] Examples of movant's separate material factual statements:

1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. (DE 34-7 at 10.)

25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. (DE 34-9 at 32.)

facts are admitted and which are contested. The paragraph numbering must correspond to moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence.[2] Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.

Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passages highlighted and tabbed. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

V. ORAL ARGUMENT ON MOTIONS. Parties who do not respond to motions in a timely fashion may not be permitted to argue before the Court during oral argument.

VI. ADDITIONAL INFORMATION FOR PRO SE LITIGANTS.

    a. There is a federal pro se legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact

---

[2] Examples of non-movant's corresponding factual statements:

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. (DE 34-7 at 12.)

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." (DE 34-9 at 14.)

       the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

b.    Neither party is allowed to engage in *ex parte* communication with Judge Patti or his staff.  This means that every time the parties engage with Judge Patti or his staff, it must be done by filing documents in the ECF system or by submitting the documents to the Clerk's Office.  <u>Judge Patti will not accept letters or other documents that have not either been filed in the ECF system or submitted to the Clerk's Office</u>.

c.    Along the same lines, parties should generally not call chambers, unless the other party is also on the line.

d.    Parties should ONLY come to Judge Patti's chambers when there is a scheduled event.  You will receive notice of scheduled events in the ECF system or through regular mail.  Judge Patti will not hold unscheduled meetings or conferences.

e.    No one in the courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney.  If you need the assistance of an attorney, you must retain one on your own.

f.    You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout the litigation process.  The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe .

Dated:    May 8, 2024

                                                        ANTHONY P. PATTI
                                                        UNITED STATES MAGISTRATE JUDGE