UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL REESE (#669959),

        Plaintiff,

v.

CHARLES THOMPSON,

        Defendant.

_____/

Case No. 2:22-cv-12369
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 58)

**A.    Instant Motion**

Plaintiff, an incarcerated individual, is proceeding *in forma pauperis*. (ECF Nos. 1, 2, 5.) Currently before the Court is Plaintiff's June 21, 2024, motion for appointment of counsel. (ECF No. 58.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings.

**B.    Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case

convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1] Accordingly, although the Court has the statutory

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

2

authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C.      Analysis**

   **1.      Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendant Thompson. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. Plaintiff has recently been granted an extension of time to respond to Defendant's motion for summary judgement (*see* 6/26/24 Text-Only Order. In addition, the Court has issued a case management scheduling order, setting the dispositive motion cut-off for August 30, 2024, with discovery due by August 8, 2024. (ECF

No. 52.) It is too early to know if this case is going to trial on the merits. If this case should proceed to trial, the Court can revisit whether to recruit counsel.

2. **Nature of the case and complexity of the issues**

Plaintiff's legal claims are based on Eighth Amendment deliberate indifference and cruel and unusual punishment and assault and battery (ECF No. 1, PageID.9), stemming from an incident on July 23, 2021, at the Macomb Correctional Facility, during which Defendant Thompson allegedly grabbed Plaintiff's neck and punched him the stomach. (ECF No. 1, PageID.7 ¶ 4.)

It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 and Eighth Amendment violations are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex).

3. **Indigency and ability of Plaintiff to represent himself**

Plaintiff's statements supporting his request for the Court to appoint counsel to represent him are most applicable to this factor. Plaintiff contends that he is

4

unable to afford counsel and that his imprisonment will greatly limit his ability to litigate. Additionally, Plaintiff states that he has limited access to the law library, limited knowledge of the law, and a trial in this case will likely involve conflicting testimony. (ECF No. 58, PageID.188.)

Nonetheless, in addition to the instant request (ECF No. 58), the Court has reviewed Plaintiff's other filings, including: (a) his complaint (ECF No. 1); (b) his application to proceed without prepaying fees or costs (ECF No. 2), which the Court granted (ECF No. 5); (c) his letters (ECF Nos. 11, 20, 39, 55)[2]; (d) his motion for discovery of evidence (ECF No. 24), which the Court has stricken (ECF No. 25); (e) his motion for default judgment (ECF Nos. 26, 28), which the Court denied (ECF No. 42; (f) his motion for entry of judgment (ECF No. 33), which the Court denied (ECF No.42); (g) his motion for enlargement of time (ECF No. 50), which the Court granted (ECF No. 52); and, (h) his above-mentioned motion for extension of time to respond to Defendant's motion for summary judgment (ECF

---

[2] Plaintiff is reminded that, as spelled out clearly in my on-line Practice Guidelines for Pro Se Prisoner and Habeus Corpus cases: "The Court does not give legal advice to either side and expects that pleadings and motions will be in appropriate form. Letters to the Court are neither pleadings nor motions and will be stricken. Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2. Additional requirements may apply to particular types of motions, and the Rules of Civil Procedure, corresponding Local Rules and Judge Patti's other practice guidelines should be consulted and followed accordingly[.]" <u>Letter writing to the Court runs the real risk of the filings not being considered or being stricken</u>.

No. 57), which the Court granted.  The Court finds that Plaintiff has already illustrated his ability to properly communicate within the instant action, even in the instant motion.  Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor incapable of adhering to the Court's rules and procedures.  Indeed, Plaintiff tells a clear story of what allegedly happened to him in his pleadings, and, unlike in many prisoner civil rights cases, Defendant has not filed an initial motion for a more definite statement.  The fact that Plaintiff has only a limited knowledge of the law is not unusual for someone proceeding *in pro per*, but this circumstance does not make the case exceptional. *Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 WL 6571194, *2 (E.D Mich. Dec. 13, 2018) ("Most non-lawyers have only limited knowledge of the law.").  Plaintiff also notes that the trial will include conflicting testimony. Whether the case goes to trial is uncertain, and the Court can reconsider that point when the time comes.  Moreover, all trials deal with conflicting testimony, without which there would generally be no trial.

While the Court recognizes the difficulty of pursuing litigation while indigent and incarcerated, it is not enough to justify the appointment of counsel here.  There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)).  Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go

forward in the hope that attorney's fees will later be rewarded. In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance." In addition, limited access to a law library applies to many prisoners pro se litigants and does not constitute an "exceptional circumstances." *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as … limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett*, 2018 U.S. Dist. LEXIS at *2-4 (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library.)

**D.   Order**

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 58) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[3]

Dated: July 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).