UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL REESE,

        Plaintiff,

v.                                   Case No. 22-cv-12369
                                       HON. MARK A. GOLDSMITH

CHARLES THOMPSON,

        Defendant.

_____/

**OPINION & ORDER CONTAINING FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL**

### I.    INTRODUCTION

This is an Eighth Amendment excessive force and assault and battery case in which the Plaintiff Terrell Reese contends that Defendant Charles Thompson—who worked as a corrections officer at the Macomb County Correctional Facility (MCF) in July 2021—punched, choked, and headbutted Reese without any justification and without the need to use any force against him. Thompson admits that his conduct was unprofessional but maintains that he did not make physical contact with Reese, did not intend to cause physical harm, and did not place Reese in reasonable apprehension of imminent harm.

Reese seeks (i) compensatory damages of $10,000 for the physical and an additional $10,000 for emotional injury sustained due to the choking, headbutt, and punch, and (ii) $10,000 in punitive damages.

The Court conducted a 2-day bench trial on January 13, 2026, and January 14, 2026. The parties have submitted post-trial briefs and proposed findings of fact and conclusions of law, as

1

well as responses to the post-trial briefing.[1]  Considering all the evidence, the Court finds in favor

of Thompson on the Eighth Amendment and battery claims and in favor of Reese on the assault

claim.  The Court also orders Thompson to disgorge $1,000 to Reese.

## II.   BACKGROUND

Reese was transferred to MCF in 2020.  Trial Tr. vol. I at 61 (Dkt. 94).  On July 23, 2021,

an interaction took place between Reese and Thompson, some of which was captured on

surveillance camera.  Id. at 69.  In the video, Thompson approaches Reese's cell, while Reese was

inside, and makes a rapid forward movement toward the cell door.  Id. at 67–68.  The video does

not capture the interior of the cell.  Video at 1:51–2:19. (Dkt. 1).  At trial, Reese testified that

Thompson choked him and punched him in the stomach.  Trial Tr. vol. I at 69.  Thompson testified

that he did not but that his conduct was unprofessional.  Trial Tr. vol. II at 37 (Dkt. 95).  The video

does not capture whether Reese ever made contact with Thompson.  See Video.

Three days after the interaction, Reese prepared a written statement describing the

interaction but made no mention of being punched in the stomach or choked.  Trial Tr. vol. I at

151.  The Michigan Department of Corrections investigated the incident, interviewing both

Thompson and Corrections Officer Blake Mitchell, who was present at the time of the incident,

and found that there was not sufficient evidence that Thompson had made physical contact with

Reese.  Id. at 84; Pl. Trial Ex. 2.  Mitchell testified that he did not see any physical contact occur.

Trial Tr. vol. II at 66.

Michael Fleming, the inmate in the cell directly across from Reese at the time of the

incident, testified at trial that he saw the incident unfold.  Id. at 46.  Fleming testified that it "looked

---

[1] The briefing includes Reese's proposed findings of fact and conclusions of law (PFFCL) (Dkt. 97), Thompson's PFFCL (Dkt. 96), Reese's response (Dkt. 99), and Thompson's response (Dkt. 98).

like" Thompson punched Reese in the stomach but acknowledged that he did not see a punch land and based his conclusion on his interpretation of Reese's facial expression.  Id. at 51.

Reese did not seek documented medical treatment on the day of the incident or in the days immediately after.  Trial Tr. vol. I at 153.  The first documented medical care occurred approximately two weeks after the incident and appeared to be routine in nature.  Id. at 154–155.  Over the months that followed, Reese reported intermittent neck pain and later a lump in the neck or shoulder area.  Id. at 155–159.  It was not until December 2022, after this lawsuit had been filed, that Reese submitted a kite explicitly attributing his neck pain to the July 2021 incident.  Id. at 158–161.  Reese later underwent a procedure at McLaren hospital in which the lump on his neck was drained and tested for malignancy.  Id. at 169–171.  No medical provider offered an opinion attributing the lump or Reese's neck complaints to trauma caused by Thompson.  Id.  Reese presented no expert medical testimony establishing causation.

The present lawsuit was filed in October 2022.  Reese alleges that Thompson violated his Eighth Amendment right to be free from excessive force and that Thompson assaulted and battered him.

Reese seeks $30,000 in total damages.  The Court begins by addressing each claim in turn.  Ultimately, the Court finds that Reese's Eighth Amendment and battery claims fail but awards him $500 in nominal damage for his assault claim.

### III.    ANALYSIS

Reese bears the burden of proving each element of his claims as well as damages by a preponderance of the evidence.  To establish by a "preponderance of the evidence" means to prove that something is more likely so than not so.  See Williams v. Eau Claire Pub. Schs., 397 F.3d 441, 444 (6th Cir. 2005).

**A. Eighth Amendment— Excessive Force**

An Eighth Amendment excessive force claim requires proof that force was applied maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–321 (1986). Although the absence of serious injury is not dispositive, de minimis uses of force are not actionable. Wilkins v. Gaddy, 559 U.S. 34, 39–40 (2010).

The Court finds that Reese has failed to show that Thompson applied force. In the absence of force, Reese's excessive force claim fails as a matter of law. Even if the Court were to assume minimal contact occurred, the evidence would not support a finding that Thompson acted maliciously or sadistically for the purpose of causing harm or that Reese was significantly harmed. Thompson's conduct was unwelcome, unprofessional, and unrelated to any penological purpose— but it was not a constitutional violation. Judgment will be entered in favor of Thompson on this claim.

**B. Battery**

Under Michigan law, battery requires proof of an intentional, unconsented, harmful or offensive touching. Tinkler v. Richter, 295 N.W. 201, 203 (Mich. 1940). The Court finds that Reese failed to establish by a preponderance of the evidence that Thompson made physical contact with him. Because physical contact is a required element of battery, judgment must be entered in favor of Thompson on this claim.

**C. Assault**

Under Michigan law, an assault is an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. Smith v. Stolberg,

4

586 N.W.2d 103, 105 (Mich. App. 1998).  Physical contact is not required, but reasonable apprehension of imminent harm is essential.  Id.

The camera footage of the incident and the Reese and Fleming testimony demonstrate that Thompson approached Reese's cell with his hands raised in a manner suggesting an imminent chokehold, punch to the stomach, headbutt, or other physical harm to Reese.  Trial Tr. vol. II at 50, 63.  Thompson admitted at trial that he, without provocation, lunged at Reese with his hands going toward Reese's neck.  Trial Tr. vol. I. at 24.  Thompson's actions and gestures put Reese in reasonable apprehension of immediate bodily harm.  Accordingly, Thompson's actions constituted assault.

Reese's evidence on damages did not reflect any significant injury attributable to the contact.  Nonetheless, Reese is entitled to some compensation for the fright or embarrassment suffered in this encounter.  The Court concludes that $1,000 is appropriate compensation.

## IV.     CONCLUSION

The Court finds in favor of Thompson on the Eighth Amendment and battery claims and in favor of Reese on the assault claim.  The Court orders that Thompson pay Reese $1,000 in damages.

A separate judgment will be issued.

**SO ORDERED.**

Dated: March 31, 2026                                  s/Mark A. Goldsmith
Detroit, Michigan                                      MARK A. GOLDSMITH
                                                       United States District Judge

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager